**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-6333**

---

UNITED STATES OF AMERICA,

          Petitioner - Appellee,

    v.

ANDREW D. SHERADIN,

          Respondent - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:07-hc-02139-D-JG)

---

Submitted:  December 7, 2012     Decided:  December 17, 2012

---

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

R. Clarke Speaks, SPEAKS LAW FIRM, PC, Wilmington, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, W. Ellis Boyle, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Sheradin appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), 18 U.S.C. § 4248(a) (2006). We have reviewed the record and affirm.

The Adam Walsh Act allows for the civil commitment of a "sexually dangerous person" following the expiration of his or her federal prison sentence. In order to civilly commit an individual as sexually dangerous, the Government must prove by clear and convincing evidence that the individual: (1) has engaged or attempted to engage in sexually violent conduct or child molestation; (2) currently suffers from a serious mental illness, abnormality, or disorder; and (3) as a result of the illness, abnormality or disorder, would have serious difficulty in refraining from sexually violent conduct or child molestation if released. 18 U.S.C. §§ 4247(a), 4248(d) (2006).

A determination of sexual dangerousness "is for the factfinder to decide among reasonable interpretations of the evidence and determine the weight accorded to expert witnesses." United States v. Hall, 664 F.3d 456, 467 (4th Cir. 2012); United States v. Francis, 686 F.3d 265, 275 (4th Cir. 2012) (stating that "whether an individual is mentally ill to this degree turns on the significance of the factual information as viewed by the

expert psychiatrists and psychologists."). The serious difficulty prong of sexual dangerousness refers to the degree of an individual's "volitional impairment, which impacts the person's ability to refrain from acting upon his deviant sexual interests." Hall, 664 F.3d at 463 (internal quotation marks omitted).

Sheradin asserts three constitutional challenges to his commitment: (1) the civil commitment statute, 18 U.S.C. § 4248 violates equal protection principles by limiting its application only to prisoners; (2) the length of the delay between certifying Sheradin as a sexually dangerous person and conducting the civil commitment hearing violated his right to due process; and (3) § 4248 levies an unconstitutional criminal punishment. As Sheradin concedes, however, each of these arguments is foreclosed by our decision in United States v. Timms, 664 F.3d 436 (4th Cir. 2012), cert. denied, 133 S. Ct. 189 (2012).

Sheradin next contends that the district court committed clear error in finding that he meets the requirements for civil commitment. Sheradin asserts that the district court improperly weighed exhibits presented by the Government, alleging that the documents were inaccurate and unverified. Additionally, Sheradin asserts that the district court erred in assigning credibility to the Government's expert witnesses. As

3

to these assertions, the district court's factual findings are reviewed for clear error, while its legal conclusions are reviewed de novo. Hall, 664 F.3d at 462. Where the district court's factual findings are based on its evaluation of conflicting expert testimony, we are especially reluctant to set aside its determinations. Id. (internal quotation marks omitted).

Given Sheradin's concession that he previously engaged in child molestation, the Government was required to prove by clear and convincing evidence that Sheradin suffers from a serious mental disorder and that, as a result, he would have serious difficulty in refraining from sexually violent conduct or child molestation if released. 18 U.S.C. § 4247(a)(6). Because "[e]valuating the credibility of experts and the value of their opinions is a function best committed to the district courts," it was not clearly erroneous for the district court to accept the opinion of the Government's expert witnesses that Sheradin suffers from pedophilia and that he is at a high risk for recidivism upon release. Hall, 664 F.3d at 464. Further, as we have previously explained, the determination of a particular individual's risk of recidivism may rely not only on actuarial tests, but also on factors such as his participation in treatment, his ability to control his impulses, and his commitment to controlling his behavior. Id. Because these are

4

precisely the factors the district court considered in Sheradin's case, we find no clear error in its conclusions.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>